22710.   McCORKLE et al. v. WODDAIL et al.

PER CURIAM. Art. VIII, Sec. I, Par. I of the Constitution of 1945 (*Code* § 2-6401) was amended in 1956 by adding the following provision: "Provided, however, that the Board of Education of Stewart County shall maintain schools for both

colored and white pupils in the Towns of Omaha, Lumpkin, and Richland, located in Stewart County, Georgia, with facilities and school grades at least equal to the present existing schools in said towns." Ga. L. 1956, p. 440. By a resolution which the Stewart County Board of Education adopted on April 7, 1964, the school in Omaha was discontinued and the schools in Lumpkin and Richland were so changed as to materially lessen the school grades to be thereafter taught in those two towns. Joseph McCorkle and several others, alleging themselves to be citizens and taxpayers of Stewart County, filed mandamus proceedings against the members of the Stewart County Board of Education and also against W. W. Murrah as the Superintendent of Schools of such county and prayed for a judgment compelling the defendants to operate schools in the towns of Omaha, Lumpkin and Richland in Stewart County at least equal to the facilities and school grades which were in operation at the time of the adoption of the 1956 amendment. They also prayed that the defendants be temporarily enjoined from expending any funds of Stewart County or entering into any contract calling for the expenditure of Stewart County funds for the purpose of carrying out the aforementioned changes in the county's school system. General demurrers interposed to the petition as amended were sustained and the exception is to that judgment. *Held:*

We construe the 1956 amendment to Art. VIII, Sec. I, Par. I of the Constitution of 1945 to mean that the Stewart County Board of Education is required to maintain and operate schools for all of the children in Omaha, Lumpkin and Richland, Stewart County, with facilities and school grades at least equal to those which existed and were furnished in those three localities when this amendment was adopted in 1956. The amendment does not require such school board to maintain and operate schools in the three named localities for the children thereof but under the amendment it must operate schools in Stewart County which they may attend with facilities and grades at least equal to those which were maintained and operated in those three localities in 1956. The board's discretionary power to consolidate and reorganize the county's entire school system was not destroyed by the 1956 amendment respecting the educational facilities and school grades which the board must provide for the children of the three named communities. As the amendment of 1956 is thus

628

construed, we hold that the petition failed to state a cause of action for the relief sought and was therefore properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur, except Candler and Mobley, JJ., who dissent.*

ARGUED NOVEMBER 9, 1964—DECIDED FEBRUARY 8, 1965.

*Carlton S. Brown, Perry, Walters & Langstaff, S. B. Lippitt, Jr.,* for plaintiffs in error.

*Kelley, Champion & Henson, Forrest L. Champion, Jr., John W. Denney, J. Norman Pease,* contra.

*Eugene Cook, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for party at interest not party to record.

CANDLER, Justice, dissenting. Art. VIII, Sec. I, Par. I of Georgia's Constitution of 1945 provides that an adequate education for the citizens of the State is a primary obligation of the State, the expense of which shall be provided for by taxation. *Code* § 2-6401. The several counties of this State have authority and are authorized to establish and maintain public schools within their limits and each county, exclusive of any independent school district therein, "shall compose one school district and shall be confined to the control and management of a county Board of Education." *Code* § 2-6801. County boards of education have the right to consolidate schools if in their opinion the welfare of the schools of the county and the best interests of the pupils require such action. *Code Ann.* § 32-915. They also have authority and power, if, in their opinion the welfare of the schools of the county and the best interest of the pupils require it, to reorganize the schools within their jurisdiction and to determine and fix the number of grades to be taught at each school in their respective system. Ga. L. 1953, Nov. Sess., p. 282 (*Code Ann.* § 32-954). But an amendment to Art. VIII, Sec. I, Par. I of the Constitution which was proposed in 1953 (Ga. L. 1953, Nov. Sess., p. 224) and ratified in 1954 provides that the Stewart County Board of Education cannot consolidate the schools of that county until a plan of consolidation proposed by the board is approved by a majority vote of those voting at an election called by the Ordinary of Stewart County for the purpose of

approving or disapproving such proposed plan of consolidation and at which election only the qualified voters of the affected areas are eligible to vote and such proposed consolidation can not become effective unless a majority of those voting in each affected attendance area vote in favor thereof. This same article, section and paragraph of the Constitution was again amended in 1956 (Ga. L. 1956, p. 440). That amendment reads as follows: "Provided, however, that the Board of Education of Stewart County shall maintain schools for both colored and white pupils in the Towns of Omaha, Lumpkin, and Richland, located in Stewart County, Georgia, with facilities and school grades at least equal to the present existing schools in said towns." It is perfectly clear to me that the Constitution requires the Stewart County Board of Education to maintain and operate a school in the towns of Omaha, Lumpkin and Richland with facilities and school grades at least equal to the school which was maintained and operated in each of those towns in 1956; and since it was, mandamus will lie to compel its performance of that legal duty.

I am authorized to state that Justice Mobley concurs in this dissent.